UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SAMUEL A. MAGLIARI, JR.,<br>　Petitioner, | :<br>:<br>: |
| v. | :　　Case No. 3:24-cv-1333 (VAB) |
| GARY WHITE,<br>　Respondent. | :<br>:<br>: |

**ORDER TO SHOW CAUSE**

Samuel A. Magliari, Jr. ("Petitioner"), has filed this petition for writ of habeas corpus under 28 U.S.C. § 2254, as well as a motion for injunction seeking dismissal of all state charges pending against him.

Under Section 2254, a court may entertain a petition for writ of habeas corpus from a petitioner in custody under the judgment of a state court challenging the legality of detention on the ground that the person "is in custody in violation of the Constitution or laws or treaties of the United States." *See Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) ("Section 2254(a) permits a federal court to entertain only those applications alleging that a person is in state custody in violation of the Constitution or laws or treaties of the United States." (internal quotation marks omitted)); *Garner v. Lee*, 908 F.3d 845, 860 (2d Cir. 2018) (same).

Records available on the Department of Correction website show that Mr. Magliari was sentenced in one of his cases, No. F02B-CR19-0197097-1, on August 23, 2024. Four other cases are awaiting disposition with the next scheduled court date on October 1, 2024. Records available on the Department of Correction website show that he was admitted to the custody of

the Connecticut Department of Correction on August 21, 2024.[1] Mr. Magliari was not in custody on a state conviction when he commenced this action. If the Court were to dismiss the case for that reason, however, Mr. Magliari could simply refile the action to challenge his current conviction. To conserve judicial resources, the Court will consider his petition as now cognizable under section 2254.

Before filing a petition for writ of habeas corpus in federal court, the petitioner must properly exhaust his state court remedies. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1); *see also Shinn v. Ramirez*, 562 U.S. 366, 371 (2022) ("A federal habeas court generally may consider a state prisoner's federal claim only if he has first presented that claim to the state court in accordance with state procedures."). He must present the essential factual and legal bases for his federal claims to each appropriate state court, including the highest state court capable of reviewing it, to afford the state courts a full and fair "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (internal quotation marks and citation omitted). "The exhaustion requirement is designed to avoid the 'unseemly' result of a federal court 'upset[ting] a state court conviction without' first according the state courts an 'opportunity to ... correct a constitutional violation.'" *Davila v. Davis*, 582 U.S. 521, 527 (2017) (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)).

Failure to exhaust state remedies may be excused only if "there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient to render futile any

---

[1] The Court may take judicial notice of matters of public record. *See, e.g., Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006); *Kelley v. Quiros*, No. 3:22-cv-1425(KAD), 2023 WL 1818545, at *2 (D. Conn. Feb.8, 2023) (taking judicial notice of state prison website inmate locator information).

effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (per curiam); 28 U.S.C. § 2254(b)(1)(B). A petitioner may not, however, simply wait until appellate remedies are no longer available and then argue that the claim is exhausted. *See Galdamez v. Keane*, 394 F.3d 68, 72-74 (2d Cir. 2005).

To properly exhaust his claim, the petitioner must present the factual and legal bases of the claim to the state court. *See Daye v. Attorney General of State of N.Y.*, 696 F.2d 186, 191 (2d Cir. 1982) ("Specifically, [the petitioner] must have set forth in state court all of the essential factual allegations asserted in his federal petition; if material factual allegations were omitted, the state court has not had a fair opportunity to rule on the claim.") (citations omitted); *see also Bierbaum v. Graham*, 607 F.3d 36, 47 (2d Cir. 2010) ("A petitioner fairly presents a constitutional claim to the state court when he presents the essential factual and legal premises of his federal constitutional claim to the highest state court capable of reviewing it.").

On the first page of his petition, Mr. Magliari refers to a prior action in which he attempted to assert both habeas and civil rights claims. In the order dismissing that case, the Court informed Mr. Magliari that he must exhaust his state court remedies before filing a petition for writ of habeas corpus. *See Maglairi v. White*, No. 3:22-cv-1305(VAB) (D. Conn. May 26, 2023) (ECF No. 15 at 10). Although Mr. Magliari was aware of the exhaustion requirement, nothing in this petition indicates that he has challenged any of his state charges by filing a petition for writ of habeas corpus in state court. As Mr. Magliari was only recently sentenced, there also is no possibility that he has appealed the conviction.

Accordingly, Mr. Magliari is **ORDERED** to show cause why this action should not be dismissed for failure to exhaust state court remedies. Mr. Magliari shall file his response by **September 27, 2024**.

Failure to timely respond to the order will result in the dismissal of this case for failure to exhaust state court remedies.

**SO ORDERED** this 6th day of September 2024 at New Haven, Connecticut.

/s/ Victor A. Bolden
Victor A. Bolden
United States District Judge